# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES, | Case No. 1:14-cv-01899-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS |
| v. | |
| V. SOTO, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

## I. Screening Requirement and Standard

Plaintiff Carlos Manuel Flores, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 1, 2014. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. Discussion

### A. Summary of Complaint

Plaintiff is currently incarcerated at Richard J. Donovan State Prison in San Diego, California. The events at issue in this action occurred at California State Prison-Corcoran ("CSP-Corcoran") in 2014. Plaintiff brings this action against registered nurse V. Soto; Dr. Sao, M.D.; Chief Medical Officer Clark, M.D.; and registered nurse Carino at CSP-Corcoran, and Dr. Ahmed Mushtaq, M.D.; and registered nurse Jane Doe at Mercy Hospital in Bakersfield. Plaintiff names the defendants in their individual and official capacities, and he seeks damages, declaratory relief, and injunctive relief for the violation of his rights under federal and state law.[1]

---

[1] Plaintiff is no longer incarcerated at CSP-Corcoran and he is seeking redress for the past violation of his rights. As a result, he is limited to seeking monetary damages, 18 U.S.C. § 3626(a)(1)(A); *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Mayfield v. United States*, 599 F.3d 964, 969-73 (9th Cir. 2010); *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005); *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001), and he is limited to suing the defendants in their individual capacities, *Hafer v. Melo*, 502 U.S. 21, 30, 112 S.Ct. 358 (1991);

On April 22, 2014, Plaintiff passed out, sustaining facial abrasions, and he was taken to the hospital at CSP-Corcoran by ambulance. Plaintiff was known to staff due to his numerous chronic medical issues and upon arrival, Defendant Soto began to "verbally harass and discriminate" against him by telling him he was "full of shit," to "stop faking it," and that he may be fooling others but he was not fooling Soto. (Doc. 1, Comp., p. 6.) Defendant Soto's manner was aggressive and threatening, and just as Defendant Sao was announcing his decision to have Plaintiff transferred to Mercy Hospital for further seizure-related tests, Soto said Plaintiff was always up to something in an attempt to get medication. Defendant Sao's decision seemed to anger Defendant Soto and he continued with his "harass[ing] and discriminatory" comments. (*Id.*, p. 7.) Defendant Soto ordered Plaintiff to hold still and he roughly inserted an IV line in Plaintiff's right arm at the elbow bend. When Defendant Sao reentered the room, he "reprimanded" Soto, stating, "I didn't ask you to do that. He's not even admitted to Mercy yet." (*Id.*)

Plaintiff almost immediately began to feel acute, severe pain at the IV site and he complained to Defendants Soto and Sao. It took the ambulance several hours to arrive at CSP-Corcoran and during that time, Plaintiff complained repeatedly to Defendants Soto and Sao about the pain at his IV site, but they left the room at one point and did not return.

Upon arrival at Mercy Hospital, Plaintiff continued to complain to staff about the acute pain at his IV site. After Plaintiff was admitted to the fifth floor, he told Defendants Doe and Mushtaq about the pain but they failed to respond appropriately.

After two or three days, Plaintiff began running a fever of 105 degrees, and Defendant Doe notified Defendant Mushtaq of an infection in Plaintiff's arm and the fever. Plaintiff was diagnosed with cephalic vein thrombophlebitis. Plaintiff subsequently underwent two surgeries, to remove the infected vein and blood clots that developed. As a result, Plaintiff has a twelve to fifteen inch scar on his arm; he suffered acute pain at the IV site for several weeks, along with mental and emotional distress; and he has limited use of his right arm.

---

*Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

After Plaintiff was discharged from the hospital on May 9, 2014, he filed an appeal which was answered by Defendant Clark. Plaintiff alleges that Defendant Clark failed to treat Plaintiff's chronic pain issues and failed to properly train his subordinates. Plaintiff continued to use the prison's sick call procedure and at one point, he was seen by Defendant Carino, who also refused to believe Plaintiff's complaint of chronic, acute pain.

### B.  Federal Claims

#### 1.  Eighth Amendment Medical Care Claim – Claims Two and Three[2]

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which

---

[2] Plaintiff organized his claims into six separate legal claims and the Court will reference those delineations for clarity of the record.

4

entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

The Court finds that Plaintiff's allegations fail to demonstrate that any of the defendants acted with deliberate indifference toward his serious medical needs. Subjective deliberate indifference involves two parts. *Lemire*, 726 F.3d at 1078. Plaintiff must demonstrate first that the risk was obvious or provide other circumstantial evidence that Defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. *Id.* (citing *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)) (quotation marks omitted). There must be some causal connection between the actions or omissions of each named defendant and the violation at issue; liability may not be imposed under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Lemire*, 726 F.3d at 1074-75; *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Here, there is no factual support for Plaintiff's claim that Defendants Soto and Sao knowingly disregarded a substantial risk of serious harm to Plaintiff's health on April 22, 2014, during the approximately two hours it took for the ambulance to arrive at CSP-Corcoran. Plaintiff was taken to the prison hospital after he passed out and Defendant Sao ordered he be transported to Mercy Hospital for further evaluation. Although Plaintiff blames Defendant Soto for intentionally inserting the IV incorrectly, there is a lack of factual support for the conclusion that Soto knowingly disregarded a substantial risk of harm to Plaintiff when he inserted the IV. Further, although Plaintiff complained to Defendants Soto and Sao that he was in pain, an ambulance was on its way and there is no indication that they could have done anything further. Indeed, given the circumstances, there is no support for an inference that any further medical intervention *should* have been undertaken: Plaintiff had passed out, the physician determined he needed to be transported to an outside side for a greater level of care, and an ambulance was en route. These facts simply do not suggest that Defendants knowingly disregarded a substantial risk of harm to Plaintiff's serious medical needs on April 22, 2014. Plaintiff later developed serious

complications at the IV site and the Court is not unsympathetic, but such a development does not provide a basis to impose liability on Defendants based on events during the two-hour period of time it took the ambulance to arrive.

Plaintiff's allegations also fail to give rise to an Eighth Amendment claim against Defendants Doe and Mushtaq. As an initial matter, Defendants were employed by Mercy Hospital rather than the state and "the presumption is that conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *West v. Atkins*, 487 U.S. 42, 48-50, 108 S.Ct. 2250 (1988). It is Plaintiff who bears the burden of demonstrating state action. *Florer*, 639 F.3d at 922.

Further, Plaintiff's factual allegations do not support a claim that they engaged in any conduct which violated the Eighth Amendment. After passing out of CSP-Corcoran, Plaintiff was transported to Mercy Hospital for an evaluation to determine whether he had a seizure or orthostatic hypotension. (Comp., p. 26.) His workup was negative and as he was ready to be discharged, he developed severe cellulitis at the site of his IV. (*Id.*) Ultimately, a vascular surgeon removed the vein and Plaintiff was discharged once he recovered. (*Id.*) These events simply do not support a claim that Defendants Doe and Mushtaq violated Plaintiff's constitutional rights. The root of Plaintiff's claim against the Mercy Hospital defendants is that he made his "pain" and "concerns" known to them after he was admitted; they apparently did not respond to his satisfaction; and he later developed complications from an infection at the IV site, events which do not amount to any violation of Plaintiff's rights. *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122-23. (Comp., p. 10.)

Next, Plaintiff may not seek to impose liability on Defendant Clark based on the actions or omissions of his subordinate employees; there is no *respondeat superior* liability under section 1983. *Lemire*, 726 F.3d at 1074-75; *Starr*, 652 F.3d at 1205-08. Plaintiff also may not seek to impose liability on Defendant Clark because he was unhappy with the response to his inmate appeal. *Peralta*, 744 F.3d at 1086-87; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (actions in reviewing inmate appeal do not support viable claim because there is no separate constitutional entitlement to appeals process).

Finally, the allegation that Defendant Carino, too, refused to believe Plaintiff's complaints of pain does not support a claim of deliberate indifference. *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122.

### 2. Equal Protection Claim – Claims Four and Six

Plaintiff alleges that he was deprived of his rights under the Equal Protection Clause, which requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). However, Plaintiff fails to allege any facts supporting the existence of a claim that he was intentionally treated differently than other similarly situated inmates. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

### 3. Due Process Claim – Claim Four

Plaintiff also alleges that he was deprived of his right to due process under the Fourteenth Amendment. The touchstone of due process is protection of the individual against arbitrary government action, but the concept of substantive due process is expanded only reluctantly and therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845-46, 118 S.Ct. 1708 (1998) (quotation marks and citations omitted). Here, Plaintiff's right to adequate medical care is protected by the Eighth Amendment and he may not pursue a separate due process claim.

### 4. ADA Claim – Claim Six

Next, Plaintiff alleges that he has a right under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, to be free from discrimination based on his epilepsy. However, Plaintiff's claim does not arise from being discriminated against based on a disability. Instead, Plaintiff's claim arises from his medical condition, the treatment he received, and the injuries he alleges he sustained due to improper and/or inadequate medical care. Treatment or lack of

7

treatment relating to a medical condition does not provide a basis upon which to impose liability under the ADA, *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.")); *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA), and Plaintiff's complaint is devoid of *any* other facts which support a claim under the ADA.

### 5.  **Verbal Harassment and Defamation - Claim Five**

Plaintiff alleges that Defendant Soto verbally harassed and defamed him, in violation of his rights.  However, neither verbal harassment nor defamation rises to the level of a constitutional violation.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004) (citing *Paul v. Davis*, 424 U.S. 693, 702, 96 S.Ct. 1155 (1976)).

### C.  **State Law Claims – Claim One**

Finally, Plaintiff also alleges a myriad of claims under California law.  There are a number of deficiencies with respect to Plaintiff's state law claims.  First, until and unless Plaintiff states a cognizable claim under federal law, the Court will not exercise supplemental jurisdiction over his state law claims.  28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).  For this reason, the Court declines to sort through Plaintiff's myriad of state law claims in any great detail at this juncture, but it notes that included are the following facially deficient claims: civil conspiracy, *Navarrete v. Meyer*, 237 Cal.App.4th 1276, 1291, 188 Cal. Rptr. 623 (Cal.Ct.App. 2015) (civil conspiracy is the formation and operation of a conspiracy which results in damage from acts done in furtherance of the conspiracy); violation of criminal statutes, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); violation of California Government Code section 845.6, *Castaneda v. Dep't of Corrs. & Rehab.*, 212 Cal.App.4th 1051, 1070, 1074, 151 Cal.Rptr.3d 648 (Cal.Ct.App. 2013) (statute is "very narrowly written" and is limited to liability for failing to

summon medical care); intentional infliction of emotional distress, *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 622 (9th Cir. 2003) (severe emotional distress is that which is of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it) (quotation marks and citation omitted); and defamation, Cal. Civ. Code §§ 45, 46; *Smith v. Maldonado*, 72 Cal.App.4th 637, 644, 85 Cal.Rptr.2d 397 (Cal. Ct. App. 1999) ("To succeed on a claim for defamation, a plaintiff must establish the defendant made 'the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage.'") (citing Cal. Civ. Code §§ 45, 46). Plaintiff may be able to state claims against Defendant Soto for negligence, assault, and battery, subject to the existence of supplemental jurisdiction and compliance with the Government Claims Act, discussed below.[3] However, Plaintiff's allegations do not support similar claims against any other named defendant.

Second, Plaintiff alleges that he exhausted the prison's grievance procedure. Plaintiff is required to exhaust the prison's grievance procedure with respect to his federal claims, 42 U.S.C. § 1997e(a). That process does not, however, satisfy California's Government Claims Act, which requires that tort claims brought against a public entity or its employees under state law be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues,[4] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim and action on or rejection of the claim are conditions precedent to suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v.*

---

[3] For assault, a plaintiff must show that (1) the defendant threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm. *Tekle v. U.S.*, 511 F.3d 839, 855 (9th Cir. 2007). For battery, a plaintiff must show that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff. *Id.* (citation and quotations omitted). "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009)572 (quoting *McGarry v. Sax*, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

[4] Formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

*Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, Plaintiff must allege compliance with the Government Claims Act and if he failed to comply, he may not bring any state law tort claims in this action, regardless of the merits of those claims. *Shirk*, 42 Cal.4th at 209; *Bodde*, 32 Cal.4th at 1239; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

### III. Conclusion and Order

For the reasons set forth above, Plaintiff's complaint fails to state any cognizable claims under section 1983 or state law. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed **twenty-five (25) pages**, excluding exhibits; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                    **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE