# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANUEL FLORES, | Case No. 1:14-cv-01899-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| V. SOTO, et al., | (Doc. 14) |
| Defendants. | |

## Second Screening Order

**I.   Background**

Plaintiff Carlos Manuel Flores ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 1, 2014. On October 28, 2015, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. Plaintiff filed an amended complaint on November 23, 2015.

**II.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.  Discussion**

    **A.  Summary of Amended Complaint**

Plaintiff is currently incarcerated at Richard J. Donovan State Prison in San Diego, California.  The events at issue in this action occurred at California State Prison-Corcoran ("CSP-Corcoran") in 2014.  Plaintiff brings this action against registered nurse V. Soto and Dr. Sao, M.D., employed at CSP-Corcoran, and against Dr. Ahmed Mushtaq, M.D., and registered nurse Jane Doe employed at Mercy Hospital in Bakersfield.[1]  Plaintiff seeks monetary damages for the

---

[1] Defendants Mushtaq and Doe were employed by Mercy Hospital rather than the state and "the presumption is that conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *West v. Atkins*, 487 U.S. 42, 48-50, 108 S.Ct. 2250 (1988).  However, given Plaintiff's failure to state a claim, discussed in subsection B, the Court does not further address this deficiency.

2

violation of his right to adequate medical care under the Eighth Amendment of the United States Constitution.

In his amended complaint, Plaintiff alleges that on April 22, 2014, Defendant Soto, under the supervision of Defendant Sao, improperly inserted an IV into his right arm, which caused him to develop severe cellulitis. Plaintiff alleges that the failure to respond to his acute pain demonstrated malice, aforethought, and the denial of adequate medical care. Plaintiff alleges that fluid built up around the outside of his vein, which caused a potentially life threatening condition given that a blood clot could have developed and traveled to his organs. Plaintiff further alleges that during his hospitalization at CSP-Corcoran and at Mercy Hospital, all the defendants ignored his complaint of acute pain in his arm at the IV site and his request for medical care.

**B.    Eighth Amendment Medical Care Claim**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

The Court finds that Plaintiff fails to state a claim upon which relief may be granted under section 1983. The allegation that Defendant Soto improperly inserted an IV does not support a claim of deliberate indifference, and mere negligence does not suffice to state a claim under

3

1 section 1983.  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.  Even assuming Plaintiff suffered from a serious medical need with respect to the cellulitis and/or pain, his allegations do not support a claim that the care he received while hospitalized was constitutionally deficient; that is, that the course of treatment chosen by the defendants was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to Plaintiff's health.  *Snow*, 681 F.3d at 988 (quotation marks and citation omitted).

**IV.    Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with notice of the deficiencies in his claims and an opportunity to amend.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Based on the nature of the deficiencies in his amended complaint, further leave to amend is not warranted.

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   **November 30, 2015**                      /s/ Sheila K. Oberto
                                                                        UNITED STATES MAGISTRATE JUDGE